—————o—————

No. 3226.

(Court of Appeal, Parish of Orleans).

MRS. CLARA CORDONA, WIDOW, Etc., Appellee, vs. LUCIUS C. GLENNY, Appellant.

1. When prior to his taking possession, the lessee knew of a certain defect in the leased premises which the evidence establishes he had not only waived but which amounted only to an inconvenience not so serious as to interfere with his use and enjoyment of the premises, such a defect will not warrant a recission of the lease and exoneration of the lessee from liability, thereunder.

Marcade Vol. 6 p. 441 and 447.

2. Recognition of the validity of the contract of lease defeats, in this case, the lessee's demand in reconvention for damages.

Appeal from Civil District Court, Division C.

Buck, Walshe & Buck, for Plaintiff and Appellee.

J. J. McLoughlin, for Defendant and Appellant.

BEAUREGARD, J. Plaintiff, as lessor, sues to enforce the terms of her contract of lease of a certain dwelling house, described in the pleadings, and making exigible the whole of the stipulated rent, on her lessee's failure to pay any accrued monthly rent, with 8 per cent interest and ten per cent attorney's fees on the amount sued for. The whole of the rent is sued for herein.

The lessee reconvenes for $110, and from a decree of the Court a qua, silent as to this reconventional demand, and in plaintiff's favor for $480, as evidenced by the lessee's twelve promissory rent notes of

22

$40 each, with interest on each·of said notes from their falling due, and ten per cent attorney's fees, mentioned above, on the total amount claimed, the defendant has appealed.

The lease was made to begin on October 1st, 1902, for one year and from which date the rent notes were furnished and delivered to lessor; but the occupancy of the dwelling was to take place (when it should then be ready) only on December 1st, 1902, owing to the lessee's contemplated absence from the city, and certain enumerated minor repairs to be made and agreed to between the parties subsequent to the drawing up and signing of the act of lease.

Besides its ordinary and usual printed stipulations the contract of lease contained the following written clause: "The lessor agrees at her expense to build a suitable room 15x12, thoroughly habitable and plastered inside, and also to paint house outside all to be done before December 1st, 1902. All permanent improvements to remain property of the lessor."

The defense, besides the general issue, urged substantially plaintiff's violation of this clause of the contract by having had built a room not of the size agreed upon, by her failure to deliver the leased premises at the time fixed in the lease, whereupon she was seasonably put in default, and is therefore liable not only for the improvements made by the lessee, before occupancy in the leased premises (by way of pipes, sink, etc.,) but for an excess of $5 per month, because of his having been compelled to rent a new house at the rate of $45 per month, due to plaintiff's fault to deliver possession of the dwelling he had rented from her at the rate mentioned above. So this excess of rent and the value of the·improvements referred to constituted defendant's reconventional demand.

The evidence of record shows that defendant's only grievance was that the room in question measured not 15x12, but 12 1-2x12 1-2, a loss of about 2 feet. And that in other respects it came up fully to expectations.

That the dwelling house was fully ready for occupancy at the date mentioned in the lease; that with respect to the said room the plastering only was damp or wet due to the then prevailing wet weather, and that this condition of the plastering could not and did not last more than six days after the 1st of December. That as to the reduced dimensions of the room the defendant knew of this prior to December 1st, 1902, and expressed a waiver of this defect, provided a wood shed in the yard be extended to this room. This was done, as well as the minor repairs required of the lessor and ·referred to above.

At least none of the evidence points to the Lessor's failure to have fulfilled her agreement with respect to these minor repairs.

And although the defendant expressly denies that he had waived the defect in the dimensions of the room, yet it is not denied that the wood shed in question had been extended to meet his fancy. And he is confronted with the carpenter's positive evidence as to such waiver and the appreciation of the oral testimony of the witnesses by the District Judge.

The conclusion is reached that if the lessee objected or failed to take a possession, which had never been refused or hindered—it was under the misapprehension that he was released by what amounted merely to an inconvenience (which he had waived) and which was not so serious as to make the enjoyment and use of the leased premises—even if less agreeable—not absolutely impossible.

Marcade Vol. 6. p. 447. Comments on Art. 1721 C. N. R. C. C. 2695.

The same author adds: Rescission of the contract (of lease) would not be possible, * * * * if the defects in the thing had been known to the lessee, etc.

In addition to the defect referred to, another is urged: that is, a leak in the slate roof. Its existance is one of doubt; but, if true, it was within the province of the lessee to have had it repaired (if not the lessor's obligation, under the lease, so to do) and to deduct it from the rent.

26 A. 384. 28 A. 903.

We fail to see any error in the judgment of the lower Court which furthermore, and as we do, considering the lease valid and binding, has refused to entertain defendant's reconventional demand.

The judgment appealed from is affirmed.

Dufour, J., takes no part.

October 13, 1903.

Rehearing refused, November 23rd, 1903.